**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RON CARVER, et al.,**

          **Plaintiffs,**          **CIVIL ACTION NO. 07-CV-12625-DT**

    **vs.**

                             **DISTRICT JUDGE ANNA DIGGS TAYLOR**

**JULIAN LEWIS,**               **MAGISTRATE JUDGE MONA K. MAJZOUB**

          **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**  The Motions to Dismiss filed by the City of Warren and Attorney General Cox (docket nos. 2, 7) should be **GRANTED,** and this action should be dismissed.

**II.**    **REPORT:**

        *A.*    *Facts and Procedural History*

       Defendant Lewis, proceeding *pro se,* removed this action from the Macomb County District Court. (Docket no. 1). He was charged with the misdemeanor offense of Driving While License Suspended and the infraction of Tinted Windows. (Docket no. 4). Defendant filed his Petition for Removal in this Court on June 20, 2007. The state court transcript shows that these offenses were called for trial on June 21, 2007 and were dismissed because the police officer could not be located. (*Id.*). The City of Warren filed its Motion to Dismiss on July 12, 2007. (Docket no. 2). On July 30, 2007, Defendant filed his "cross complaint" naming several officers and officials, including Attorney General Cox, as respondents. (Docket no. 5). On August 29, 2007 Attorney General Cox filed his Motion to Dismiss. (Docket no. 7). Defendant Lewis has "responded" by filing several documents. (Docket nos. 11-15). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 6). The Court dispenses with oral argument on these motions pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

-1-

In his Petition for Removal, Defendant Lewis makes many disjointed claims and arguments. Defendant claims that he is removing this action pursuant to 28 U.S.C. § 1441(d) because as a Moor he is a "foreign state" or "foreign sovereign." Defendant asserts that he was stopped while operating his vehicle as a result of the officers' "racial profiling and committing ethnic intimidation." (Docket no. 1 at 6). He seeks $75,000,000.00 as relief. (*Id.* at 7). The City of Warren moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), (b)(6), (h), and 28 U.S.C. § 1915(e)(2)(B). (Docket no. 2). Attorney General Cox moves to dismiss on the same grounds or to strike the cross complaint. (Docket no. 7).

B.      *Standard of Review*

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

Under Rule 12(b)(1) the Plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990). In a Rule 12(b)(1) challenge to jurisdiction, the Court is empowered to decide issues of fact. (*Id.*). A Rule 12(b)(1) motion should be decided before a Rule 12(b)(6) motion. (*Id.*).

C.      *Analysis*

Defendant Lewis claims that he properly removed this action pursuant to 28 U.S.C. § 1441(d). (Docket no. 1 at 5). This subsection states that:

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending.

Under section 1603(a), a "foreign state" includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b). Subsection (b) defines "agency or instrumentality of a foreign state" as any entity which is a separate legal person and which is an organ of a foreign state or political subdivision thereof which is neither a citizen of a State of the United States nor created under the laws of any third country.

Defendant Lewis has failed to carry his burden of proving that this Court has jurisdiction over this action. *See Newagyo Co. 78th Dist. Ct. v. Dykstra*, 2007 WL 1656278 (W.D. Mich. June 4, 2007) (summarily remanding removed action involving three state misdemeanor and misdemeanor traffic prosecutions). He asserts that this Court has removal jurisdiction. However, he has made no showing that he is a "foreign state" as defined in 28 U.S.C. § 1603. He asserts that he currently "inhabits" an address in Detroit, Michigan. (Docket no. 1 at 8). He has not shown that he was born outside of the United States or that he has renounced his citizenship in the United States. In addition, this section by its terms applies only to "civil actions" and the removed proceeding was at least in part a criminal proceeding due to the misdemeanor charge of Driving While License Suspended. *See* Mich. Comp. Laws § 257.904. Finally, the filing of a notice of removal in a criminal prosecution does not prevent the state court from proceeding further except from entering a judgment of conviction. 28 U.S.C. § 1446(c)(3). The state court dismissed the underlying action the day after Defendant filed his removal petition. Accordingly, there is no pending prosecution, and this action is moot. *See State of Connecticut v. Santiago*, 2005 WL 3542404 (D. Conn. Dec. 5, 2005) (denying motion to reopen case, a removed state criminal case, in part because "the petition for removal is now moot in light of the fact that petitioner's state criminal case is no longer pending in state court."). For all of these reasons, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)

and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   September 25, 2007          s/ Mona K. Majzoub                 
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Julian Lewis and Counsel of Record on this date.

Dated: September 25, 2007          s/ Lisa C. Bartlett                  
                                    Courtroom Deputy